IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01255-LTB-MJW

TUFUI TAUKEIAHO,

    Applicant,

v.

J. WANDS, Warden,

    Respondent.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael J. Watanabe**
**United States Magistrate Judge**

    This matter is before this Court pursuant to an Order of Reference to United States Magistrate Judge issued on August 16, 2011, by District Judge Lewis T. Babcock. Docket No. 15.

    Applicant, Tufui Taukeiaho, is a federal prisoner incarcerated at Federal Correctional Institution (FCI) in Florence, Colorado. Before the Court for a report and recommendation is the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Applicant on May 11, 2011 (hereinafter "the Application"). Docket No. 1. Respondent filed an Answer to Petition for Writ of Habeas Corpus. Docket No. 20 (response to order to show cause why the application should not be granted). The Court has considered the Application and the Answer as well as applicable Federal Rules of Civil Procedure, statutes, and case law and has taken judicial notice of the Court's file. The Court now being fully informed makes the following findings,

conclusions of law, and recommendation. Because the applicant is proceeding without counsel, the Court has "construe[d] his pleadings liberally, but [has not] act[ed] as his advocate." *Ford v. Pryor,* 552 F.3d 1174, 1178 (10th Cir. 2008).

**I.     Background**

Applicant was sentenced on October 28, 2008 in the United States District Court for the District of Utah to 84 months of incarceration, with 36 months of supervised release, for possession of list chemicals in violation of 21 U.S.C. § 841(c). Docket No. 20 at 2-3. Through good conduct time available, he is scheduled to be released from custody on December 10, 2012. *Id.* at 3.

The Bureau of Prisons (BOP) offers the Residential Drug Abuse Treatment Program (RDAP) for inmates who volunteer for treatment and who have been determined to have a diagnosable and verifiable substance abuse disorder. *Id.* at Declaration of Carmen Roberts (Decl.) ¶ 7; *see also id.* at Attach. 2, 2-8 (Program Statement (PS) 5330.11 § 550.53). Inmates who successfully complete the RDAP may obtain early release—a reduction of their sentence of up to one year—if they were "convicted of a nonviolent offense." 18 U.S.C. § 3621(e)(2)(B); *see also* Docket No. 20 at Decl. ¶ 7. In implementing section 3621(e)(2)(B), the BOP prohibits early release for inmates "who have a current felony conviction for . . . [a]n offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another[.]" 28 C.F.R. § 550.55(b)(5)(iii). In PS 5162.05 § 4.b., the BOP delineates "Criminal Offenses with a Specific Offense Character Enhancement" that preclude early release, and lists 21 U.S.C. § 841 as an offense which could be subject

to a "Specific Offense Characteristic enhancement for the use [or threatened use] of force[.]"  Docket No. 20 at Attach. 4 § 4.b.

Applicant qualified for the RDAP on May 4, 2010, and subsequently applied for early release eligibility pursuant to 18 U.S.C. § 3621(e)(2)(B).  *Id.* at Decl. ¶ 13.  The Designation and Sentence Computation legal staff concluded that Applicant was not eligible for early release because his conviction fell into the excluded category of offenses under 28 C.F.R. § 550.55(b)(5)(iii).  *Id.* at ¶ 14.  Specifically, the legal staff found that (1) he was convicted of possession of list chemicals under 21 U.S.C. § 841 and (2) the sentencing court adopted the Specific Offense Characteristic (SOC) enhancement for creating a substantial risk of harm to human life.  *Id.*

**II.     Application**

Applicant initiated this action by filing *pro se* his 28 U.S.C. § 2241 Application on May 11, 2011.  Docket No. 1.  After being ordered to file a preliminary response, Respondent informed the Court that she would not raise the affirmative defense of exhaustion of administrative remedies.  Docket No. 11.  The case was drawn to a district judge and a magistrate judge on August 5, 2011.

Applicant seeks to have the Court order the BOP to grant him eligibility for early release pursuant to 18 U.S.C. § 3621(e).  Docket No. 1 at 5.  He argues that because he never physically possessed any chemicals, the BOP has incorrectly classified his offense as a crime of violence.  *Id.* at 2-3.  In support of this argument, Applicant has included a transcript of a codefendant's direct examination in which the codefendant states that Applicant did not participate in the making of methamphetamine.  *Id.* at Transcript of Motion to Suppress Hearing 21:1.

### III.    Legal Standard

A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Hernandez v. Davis*, No. 07-cv-02406-REB-MEH, 2008 WL 2955856, at *7 (D. Colo. July 30, 1998) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Here, Applicant correctly filed the Application challenging the determination of his early release eligibility in the District of Colorado, where he was incarcerated at the time of initial filing.

### IV.    Analysis

####    A.    Substantive Review of the BOP's Early Release Eligibility Determination

The Court construes the Application in part as challenging the BOP's substantive decision to deny Applicant eligibility for early release pursuant to 18 U.S.C. § 3621(e). Administrative Procedure Act (APA) provisions for judicial review do not apply to BOP decisions under 18 U.S.C. § 3621. *See* 18 U.S.C. § 3625; *see also Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) (finding that section 3625 precludes

5

"reviewing the BOP's substantive decision" in a habeas case). Accordingly, the BOP's substantive decision denying Applicant eligibility for early release is not reviewable by this Court. *See* 18 U.S.C. § 3625.

### B. Whether the BOP Has Exceeded Its Statutory Authority

The Court also construes the Application in part as challenging the BOP's statutory authority to exclude inmates from early release eligibility where the sentencing court found a violation of 21 U.S.C. § 841 and adopted an SOC enhancement for the use of force. The Court can interpret section 3621(e)(2)(B) to determine whether the BOP has exceeded its statutory authority. *Fristoe*, 144 F.3d at 630-31; *see also Lopez v. Davis*, 531 U.S. 230, 244 (2001) (determining that a BOP regulation implementing section 3621(e)(2)(B) is "permissible"). Section 3621(e)(2)(B) states, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B).

The Court first construes the Application as asserting that 28 C.F.R. § 550.55(b)(5)(iii) and PS 5162.05 § 4.b. impermissibly categorize offenses with certain sentence enhancements to preclude eligibility for early release under section 3621(e)(2)(B). The Supreme Court's decision in *Lopez* squarely addressed this issue, concluding that the BOP "may categorically exclude prisoners based on their preconviction conduct[.]" 531 U.S. at 244. Specifically, the Supreme Court upheld the categorical exclusion of inmates whose offense is a felony that involved the carrying,

6

possession, or use of a firearm. *Id.* at 238, 244.[1]  Accordingly, pursuant to *Lopez*, the BOP may categorically exclude inmates that have a felony conviction for an offense that "presents a serious potential risk of physical force against the person or property of another."  *See Lopez*, 531 U.S. at 244; 28 C.F.R. § 550.55(b)(5)(iii).  Therefore, the BOP has not exceeded its statutory authority by creating a category of inmates ineligible for early release pursuant to section 550.55(b)(5)(iii) and PS 5162.05 § 4.b.

The Court next construes the Application as arguing that section 550.55(b)(5)(iii) and PS 5162.05 § 4.b. are arbitrary and capricious under 5 U.S.C. § 706(2)(A) of the APA.  *See Licon*, 638 F.3d at 1307.  In *Lopez*, the categorical exclusion of inmates whose felony involved a firearm was found to be "permissible" because the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision."  531 U.S. at 244.  The brevity of this analysis left room for debate as to whether the regulation categorically excluding inmates whose felony involved a firearm satisfies the APA's arbitrary and capricious standard.  *See, e.g.*, *Arrington v. Daniels*, 516 F.3d 1106, 1114 (9th Cir. 2008) (holding that the regulation was arbitrary and capricious).  However, the Tenth Circuit found a discernable "public safety rationale" for the regulation and therefore upheld it as substantively valid under section 706 of the APA.  *Licon*, 638 F.3d at 1311.

---

[1] At the time of the *Lopez* decision, the regulation was codified at 28 C.F.R. § 550.58(a)(1)(vi)(B).  531 U.S. at 238.  The new version of the regulation is codified at 28 C.F.R. § 550.55(b)(5)(ii).

7

Although *Lopez* and *Licon* addressed the validity of what is now section 550.55(b)(5)(ii), not section 550.55(b)(5)(iii) and PS 5162.05 § 4.b., both cases direct the proper resolution of whether section 550.55(b)(5)(iii) and PS 5162.05 § 4.b. are arbitrary and capricious. With this regulation and program statement, the BOP found that the sentence enhancement for "creating a substantial risk of harm to human life," Docket No. 20 at Attach. 7, constitutes "an offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another[.]" 28 C.F.R. § 550.55(b)(5)(iii). This finding is reasonable because the sentence enhancement reflects the understanding that "[t]he dangers of methamphetamine laboratories to human life are well-documented." *U.S. v. Howell*, 201 F. App'x 948, 948 (4th Cir. 2006).[2] Thus, like in *Lopez*, the BOP has reasonably concluded that conduct that creates a substantial risk of harm to human life suggests a felon's "readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *See Lopez,* 531 U.S. at 244. Moreover, just as

---

[2] The sentence enhancement for "creating a substantial risk of harm to human life," Docket No. 20 at Attach. 7, is currently designated at United States Sentencing Guidelines § 2D1.1(b)(13)(C)(ii). The enhancement is grounded on congressional findings that methamphetamine manufacture involves significant risk of physical harm to human beings. *See, e.g., U.S. v. Chamness*, 435 F.3d 724, 726 (7th Cir. 2006) (noting that Congress has found that such "manufacture . . . 'poses serious dangers to both human life and to the environment,' and . . . is 'unstable, volatile, and highly combustible'" (quoting H.R. Rep. No. 106-878(I), at 22 (2000))); *U.S. v. Pinnow*, 469 F.3d 1153, 1156 (8th Cir. 2006) (stating that the legislative history to the Methamphetamine Anti-Proliferation Act of 2000 noted that the chemicals in the manufacturing process can cause explosions and fires if improperly mixed and can lead to toxic and often lethal waste products); *U.S. v. Evans*, 318 F.3d 1011, 1019 (10th Cir. 2003) (detailing evidence of the "serious health risks of exposure" to methamphetamine chemicals that could lead a jury to conclude that the attempted manufacture of methamphetamine "created a substantial risk of injury" to household occupants).

the court in *Licon* found a discernable public safety rationale for section 550.55(b)(5)(ii), a public safety rationale is evident in the history of section 550.55(b)(5)(iii). *See Licon,* 638 F.3d at 1311. The BOP explained that the commission of offenses falling under section 550.55(b)(5)(iii)—offenses that present a "serious potential risk of physical force against" persons or property— "illustrates a readiness to endanger the public. Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life." 74 Fed. Reg. 1892, 1895 (Jan. 14, 2009) (to be codified at 28 C.F.R. pts. 545 and 550). For these reasons, section 550.55(b)(5)(iii) and PS 5162.05 § 4.b. are not arbitrary and capricious under the APA.

In sum, the BOP has not exceeded its statutory authority by implementing the regulation and the program statement which preclude Applicant from early release eligibility. Therefore, Applicant's federal sentence has not been executed unlawfully, and he is not entitled to habeas relief on this issue.

**C. Due Process Challenge**

The Application can also be read as asserting a claim for a due process violation. Due process is guaranteed "only when a person is to be deprived of life, liberty, or property." *Chambers v. Colorado Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000) (quotation marks and citation omitted). To assert a due process claim, one must prove two elements: "that he possessed a constitutionally protected liberty or property interest such that the due process protections were applicable, and that he was not afforded an appropriate level of process." *Zwygart v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 483 F.3d 1086, 1093 (10th Cir. 2007) (internal quotations and citation omitted). Neither the

Constitution nor section 3621(e)(2)(B) create a liberty interest in a reduced sentence. *Fristoe*, 144 F.3d at 630; *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). Accordingly, as *Fristoe* forecloses the possibility of having a liberty interest in early release and Applicant plainly does not have a property interest in early release, Applicant's due process challenge does not entitle him to habeas relief.

###    D.    Challenge of Sentence Enhancement

Although Applicant states that he is not "challenging [his] sentence," he also states that he "never physically possessed any chemicals" and that his codefendant's statement "exonerates [Applicant] from any culpability of the crime." Docket No. 1 at 2-3. The Court therefore construes the Application in part as a challenge to the validity of his sentence, including his SOC enhancement.

While a petition filed under 28 U.S.C. § 2241 attacks the execution of a sentence, a "28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Bradshaw,* 86 F.3d at 166 (citations omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Id.* (quoting *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965)). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Id.* (quoting *Johnson*, 347 F.2d at 366); *see also Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (affirming the dismissal of a section 2241 action challenging

the validity of sentence enhancements because the applicant failed to establish that a section 2255 remedy was inadequate or ineffective).

Because there is no indication that a section 2255 motion filed in the District of Utah in case number 06-CR-549-002D would be inadequate or ineffective, Applicant's request for a grant of early release based on sentencing mistake is not appropriate in this action. *See Sines*, 609 F.3d at 1074; *Bradshaw*, 86 F.3d at 166. Therefore, Applicant is not entitled to federal habeas relief from this Court to the extent he challenges his sentence.

**V.     Evidentiary Hearing**

The issues presented in the Application exclusively concern issues of law, with the general facts necessary to determine those issues not in dispute and already contained in the record. Accordingly, an evidentiary hearing in this regard is not required. *See generally* 28 U.S.C. § 2243 (when entertaining an application for habeas corpus, a court must hold a hearing at which the applicant is present, unless the writ and return present only issues of law).

**WHEREFORE**, for the foregoing reasons, the Court respectfully **RECOMMENDS** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1; May 11, 2011) be DENIED and that the case be DISMISSED with prejudice.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge

11

assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn,* 474 U.S. 140, 148–53, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.,* 183 F.3d 1205, 1210 (10th Cir.1999); *Talley v. Hesse,* 91 F.3d 1411, 1412–13 (10th Cir.1996).

DATED at Denver, Colorado, this 15th day of November, 2011.

BY THE COURT:

s/Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge